## GIBSON *v.* THORNTON *et al.*

In view of the adjudication made in the present case at the March term, 1899 (107 *Ga.* 545), and under the evidence introduced by the plaintiffs at the trial now under review, the court erred in dismissing the petition, and thus cutting the plaintiffs off from obtaining a decree for the cancellation of the stock certificates alleged to have been fraudulently issued ; for their right with respect to such relief was certainly shown with relation to a considerable number of such stock certificates.

Argued November 10,— Decided November 28, 1900.

Equitable petition. Before Judge Butt. Talbot superior court. September 15, 1899.

*Persons, McGehee & Persons* and *Hatcher & Martin*, for plaintiffs.

Lewis, J.  The general nature of this case will be gathered from the report of the same when it was here at the March term, 1899. It was then in effect adjudicated that the plaintiffs did not make out a case for the appointment of a receiver.  Their prayers for injunction were very general, and simply sought to prevent any interference by the defendants, who were officials of the railroad company, with the management of its business.  Indeed, the prayers for injunction were merely incidental to the relief sought by the appointment of a receiver.  As there were no specific prayers to enjoin these officials from any special acts of malfeasance, the case, at the trial now under review, could not properly be regarded as a good case for injunction.  If there was, either in the allegations or prayers of the petition, any right shown in the plaintiffs to a money recovery, there was, at the trial, no evidence which would have justified a finding for them in any particular amount.  The question at issue was, therefore, simply resolved into one as to whether or not the plaintiffs were entitled to a cancellation of the alleged fraudulent stock certificates.  As to this they made out a complete case, for it was conclusively shown, the defendants having admitted it, that a number of these certificates were fraudulently issued in the name of one of the defendants, and they were at the time of the trial in his custody and control.  The court, therefore, erred in passing a general order dismissing the petition, but the case should have been allowed to proceed in order that the plaintiffs might obtain a verdict and decree cancelling these certificates.

We do not mean to say that the petition does not make complaint of certain acts of malfeasance on the part of the officers controlling this corporation, which would entitle plaintiffs to an injunction restraining them from such conduct.  For instance, it was proved on the trial that freight was transported for certain persons free of charge over the road.  For such conduct as that an injunction might be a proper remedy.  The trouble in this case, however, is that no special prayer is made for such interference by the court.  Again, it appears that two of these petitioners had paid over seventeen shares of stock to the railroad company to satisfy their debt to it.  Hence this stock belonged to the company, but it appears from the pleadings and the evidence that seven and ten shares of stock were transferred to S. W. Thornton in lieu of the seventeen shares of stock that these two parties plaintiff had

transferred to the company.    The testimony further indicated that the stubs showed the shares of these two plaintiffs were transferred to S. W. Thornton.    They could, for instance, be required by judgment of the court, if it is the truth of the case that they had appropriated to their own use these shares that belonged to the company, to surrender the same to the company, and they could be enjoined from further appropriating the same to their own use.  There are perhaps other acts of malfeasance set forth in the pleadings and evidence, for which a court of equity might grant a remedy not involving the appointment of a receiver and thus resulting in the dissolution of the corporation.    But it was incumbent on the pleader to pray specifically for the relief desired.    In this case we reverse the judgment for the reason set forth in the headnote; for we think plaintiffs clearly made out a case for the cancellation of the stock certificates fraudulently issued.

*Judgment reversed.    All the Justices concurring.*